In the Matter of ALVIN ASHLEY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 31, 1992

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Robert L. Ellis* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Alvin Ashley was admitted to the practice of law in New York by the Appellate Division, First Judicial Department, on December 7, 1959. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an

order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), upon the ground that respondent has been automatically disbarred, because of his conviction of a felony as defined by Judiciary Law § 90 (4) (e). In support of its application, petitioner has presented proof that on or about September 24, 1991, respondent entered a plea of guilty in the Supreme Court, New York County (Herbert Adlerberg, J.), to a superior court information charging him with four counts of grand larceny in the second degree, in violation of Penal Law § 155.40, and one count of grand larceny in the third degree, in violation of Penal Law § 155.35. All of these offenses are felonies.

In response, respondent submits an application for permission to resign from the New York State Bar.

Under CPL 1.20 (13) a conviction is "the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument." Under Judiciary Law § 90 (4) (a) and (e), upon conviction of a felony, an attorney ceases to be an attorney by operation of law. In light of this, respondent was automatically disbarred upon the entry of his plea of guilty to felony offenses on September 24, 1991. Accordingly, his application to resign voluntarily, which is dated January 22, 1992, is untimely and must be denied.

Accordingly, the petition to strike the respondent from the roll of attorneys is granted and the cross motion for permission to resign voluntarily is denied.

MURPHY, P. J., CARRO, ELLERIN, ASCH and SMITH, JJ., concur.

Petition granted, respondent's application for permission to resign is denied, and respondent's name struck from the roll of attorneys and counselors-at-law in the State of New York, as indicated, effective immediately.