[648 NYS2d 474]

In the Matter of JOSEPH P. AMATO (Admitted as JOSEPH PETER AMATO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 28, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Joseph P. Amato,* Staten Island, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

On June 21, 1996, the respondent pleaded guilty to the crime

of attempted grand larceny in the second degree, a class D felony, in violation of Penal Law §§ 110.00 and 155.40 (1), in the Supreme Court, New York County. He was sentenced by the Honorable Laura Drager to a conditional discharge to expire on June 20, 1999, and was directed to pay a crime victim assistance fee and mandatory surcharge totaling $155.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

In view of the respondent's automatic disbarment upon his felony conviction, his proffered resignation, dated July 1, 1996, is rejected.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and SANTUCCI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph P. Amato, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph P. Amato, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.