[960 NYS2d 375]

In the Matter of PAUL S. BLOCK (Admitted as PAUL STUART BLOCK), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 19, 2013

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Paul S. Block*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Paul S. Block was admitted to the practice of law in the State of New York by the Second Judicial Department on July 19, 1989, under the name Paul Stuart Block. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

On April 3, 2001, this Court suspended respondent for six months, following a hearing, for deliberately deceiving clients through lies and fabrication of documents to corroborate those lies, and by neglecting the clients' affairs (282 AD2d 12 [1st Dept 2001]). On November 29, 2001, this Court reinstated respondent to the practice of law (288 AD2d 168 [1st Dept 2001]).

Nearly nine years later, on August 17, 2010, effective September 17, 2010, this Court again suspended respondent, following a hearing, for 18 months, for neglecting a legal matter and misrepresenting the status of the case to his client (77 AD3d 214 [1st Dept 2010]). His motion to reargue or for leave to appeal to the Court of Appeals was denied (2010 NY Slip Op 88110[U] [1st Dept 2010]). Respondent remains suspended.

On January 13, 2012, respondent pleaded guilty in Supreme Court, New York County, to grand larceny in the second degree (Penal Law § 155.40 [1]), a class C felony, in satisfaction of an indictment. Respondent admitted that from approximately December 2007 to December 2010, while employed at his law firm, he issued checks from the firm's escrow account to which he was not entitled in an amount exceeding $300,000. Respondent's next scheduled appearance for sentencing is January 23, 2013.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys on the ground that his conviction of a New York State felony automatically disbarred him pursuant to Judiciary Law § 90 (4). Respondent, pro se, has submitted a letter wherein he states that he resigns from the bar "effectively immediately" and, therefore, requests this motion to strike be withdrawn or denied as moot. The Committee opposes respondent's request to resign in that he was automatically disbarred upon entry of his guilty plea on January 13, 2012 and the request is thus untimely (*see Matter of Ashley*, 179 AD2d 74 [1st Dept 1992]).

▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Respondent's conviction of a New York felony is a basis for automatic disbarment pursuant to Judiciary Law § 90 (4) (a) and his name should be stricken from the rolls (*see Matter of Armenakis*, 86 AD3d 205 [1st Dept 2011]). In light of respondent's automatic disbarment upon his felony conviction, his request to resign is rejected (*Matter of Amato*, 225 AD2d 173 [2d Dept 1996]). Although respondent has not yet been sentenced, this motion is nevertheless timely since a conviction calls for automatic disbarment at the time of plea or verdict (*Matter of Cherry*, 51 AD3d 119, 120 [2008]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to January 13, 2012.

ANDRIAS, J.P., FRIEDMAN, SAXE, RICHTER and ABDUS-SALAAM, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 13, 2012.