[672 NYS2d 51]

In the Matter of GAIL D. BUTLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 21, 1998

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Gail D. Butler, was admitted to the practice of

law in New York by the Second Judicial Department on December 9, 1987. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

In May 1997, a complaint against respondent was filed with the Departmental Disciplinary Committee by Ted Pridgen, Robert Luback and Furio Casale (the Pridgen Group), who had entered into a joint venture with a recording artist represented by respondent. As the escrow agent for the joint venture, respondent could not withdraw funds from the escrow account without their consent. The Pridgen Group alleged that respondent had converted over $50,000 of the funds that the Group had invested in the venture and placed in the escrow account. Bank statements and cancelled checks subpoenaed by the Committee showed that most of the $65,000 deposited by the Pridgen Group had indeed been withdrawn from respondent's escrow account, even though the Group claims not to have authorized this transfer.

In July 1997, the Committee made several unsuccessful attempts to serve a copy of the complaint on respondent. The complaint, together with a letter directing her to answer, was twice mailed to her 57th Street office address, but was returned both times as undeliverable. The Committee next sent the papers to a Madison Avenue office address that she had given to the Pridgen Group in March 1997. This mailing was also returned as undeliverable and the address was discovered to be a rented post office box from Mail Boxes Etc. When the Committee attempted to reach her at the home address that she had provided to the Office of Court Administration in 1996, the Committee discovered that she had been evicted for nonpayment of rent in 1996 and had left no forwarding address.

The Committee now seeks an order suspending respondent from the practice of law during the pendency of these disciplinary proceedings, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii). By order of this Court, dated March 2, 1998, notice by publication in the New York Law Journal was authorized. Respondent has not appeared in this proceeding, nor has she responded to the above-mentioned notice, which was published on March 12, 1998.

Section 603.4 (e) (1) provides, in pertinent part, that "[a]n attorney who is the subject of an investigation, or of charges * * * [for] professional misconduct * * * may be suspended from the practice of law, pending consideration of the charges

against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest." Such finding may be based upon:

"(i) the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding, or * * *

"(iii) other uncontested evidence of professional misconduct." (*Ibid.*)

Despite diligent efforts over the past nine months, the Committee has been unable to contact respondent. Respondent has not responded to the notice in the New York Law Journal and has not provided any authentic address where she could be reached. Thus, we find that she has defaulted in submitting an answer to the charges against her. Additionally, the bank records are uncontroverted evidence that she misused the escrow account.

Accordingly, the Committee's petition is granted, and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until the further order of this Court.

SULLIVAN, J. P., ROSENBERGER, RUBIN, TOM and ANDRIAS, JJ., concur.

Application granted, and respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.