[683 NYS2d 242]

In the Matter of GAIL D. BUTLER, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 12, 1999

**APPEARANCES OF COUNSEL**

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Gail D. Butler, was admitted to the practice of law in New York by the Second Judicial Department on

December 9, 1987. At all times relevant to these proceedings, she maintained an office for the practice of law within the First Judicial Department.

Following a complaint by respondent's clients that she had misappropriated funds from their escrow account, the Departmental Disciplinary Committee made several unsuccessful attempts to serve respondent with the complaint. Letters mailed to the office address she had given her clients were returned as undeliverable. One of these addresses turned out to be nothing but a rented post office box. When the Committee attempted to reach respondent at the home address she had given to the Office of Court Administration, it was discovered that she had been evicted and had left no forwarding address.

On April 1, 1998, the Committee moved for an order immediately suspending her from the practice of law. The notice of the motion to suspend respondent was published in the March 12, 1998 New York Law Journal. It stated, as required by 22 NYCRR 603.4 (g), that an attorney who is suspended, and who has not appeared or applied in writing for a hearing or reinstatement within six months from the date of the order of suspension, may be disbarred without further notice. Respondent did not answer this motion. By order and decision dated April 21, 1998 (*Matter of Butler*, 241 AD2d 263), this Court suspended respondent from the practice of law based on her willful failure to cooperate with the Committee and the uncontested evidence that respondent had engaged in professional misconduct.

The Committee now moves for an order disbarring respondent, pursuant to 22 NYCRR 603.4 (g). Since more than six months have elapsed since this Court's April 21, 1998 order suspending respondent, and she has neither appeared nor applied in writing to the Committee or the Court for a hearing or reinstatement, the Committee's petition should be granted and respondent should be disbarred.

SULLIVAN, J. P., ROSENBERGER, RUBIN, TOM and ANDRIAS, JJ., concur.

Motion granted, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, all effective immediately.