[780 NYS2d 141]

In the Matter of STANLEY J. SZARO (Admitted as STANLEY JOSEPH SZARO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 29, 2004

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*James T. Shed* of counsel), for petitioner.

*Michael S. Ross* for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent Stanley J. Szaro was admitted to the practice of law in the State of New York by the First Judicial Department on February 6, 1984, under the name of Stanley Joseph Szaro. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee (Committee) has moved pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) for an order immediately suspending respondent from the practice of law, based upon his willful failure to comply with a subpoena issued by this Court and for noncooperation with a Committee investigation concerning escrow funds, and based upon uncontested evidence of professional misconduct, i.e., the conversion of escrow funds.

In December 2003, the Committee initiated an investigation into respondent's professional conduct after receiving a complaint regarding an estate matter in which respondent neglected to file letters testamentary and failed to account for certain estate monies held in his escrow account. Respondent submitted an answer acknowledging the truth of the allegations contained in the complaint, but explained that his failure to return the estate assets arose out of medical and psychological trauma from the recent death of his sister and his own prostate cancer condition. Despite his repeated assurances to return the monies to his client, respondent failed to do so. Notwithstanding the Committee's repeated requests that respondent appear for deposition and to produce his file on the estate, including his escrow account records, respondent failed to do so, alleging that he was "psychologically" unable to comply fully. It is noted, however, that respondent has failed to substantiate his contentions with any independent proof that he is under any psychological or medical care. Furthermore, the bank records that were furnished by respondent, although incomplete, reveal that the balance in his escrow account improperly fell well below the requisite amount and may have been commingled with other funds. Respondent also provided the name and telephone number of an attorney he claimed he retained to represent him in this matter, but upon further investigation by the Committee, the name and telephone number were found to be bogus.

Lastly, respondent, by recently retained counsel, concedes that under the circumstances, the most appropriate course of action is for him to consent to an interim suspension.

In light of the forgoing, we find no question that respondent's repeated failure to cooperate fully with the Committee's investigation and his misuse of his escrow account constitutes "serious misconduct that demands an immediate response in defense of the public interest" (*see Matter of Wertis*, 307 AD2d 15, 18-19 [2003]; *Matter of Butler*, 241 AD2d 263 [1998]).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) should be granted, and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

NARDELLI, J.P., LERNER, FRIEDMAN, MARLOW and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.