[786 NYS2d 519]

In the Matter of CHAK Y. LEE (Admitted as CHAK YIN LEE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 28, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*James T. Shed* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Chak Y. Lee was admitted to the practice of law in the State of New York by the Second Judicial Department on January 17, 1990, under the name Chak Yin Lee. At all times relevant to these proceedings, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law based upon his failure to cooperate with disciplinary investigations concerning escrowed funds, and based upon uncontested evidence of professional misconduct (i.e. conversion of such escrowed funds).

In August of 2004, the Committee received complaints from two of respondent's former clients regarding unreturned escrowed funds to which each is entitled, generated by separate real estate sales.

A Committee investigator looked into respondent's whereabouts and ascertained that respondent has vacated his Manhattan law office and has an unlisted home phone number. Notwithstanding numerous letters sent to his home and office seeking an answer to the complaints, production of his files in these matters and his escrow records, respondent has not responded in any way or otherwise contacted the Committee. In addition, the two letters also cautioned respondent that his failure to cooperate could result in an application for his immediate suspension.

On August 24, 2004, this Court issued a subpoena requiring respondent's appearance for a deposition on September 30, 2004, and asking him to bring enumerated documents and escrow records. This subpoena was personally served on respondent by the local Sheriff's office on September 13, 2004, and was also mailed to respondent's home on September 21, 2004. Respondent failed to appear for his deposition and failed to provide any of the requested documents.

The Committee argues that based upon respondent's failure or refusal to comply with this Court's subpoena and the Committee's repeated requests for information and records related to the two client matters, respondent has flouted the Commit-

tee's efforts and thwarted their investigation concerning client funds held by him. The Committee argues that 22 NYCRR 603.4 (e) (1) (i) explicitly provides for an interim suspension where, as here, an attorney demonstrates contempt for or disregard of official notices to cooperate with the Committee (*see Matter of Landers*, 250 AD2d 17, 19 [1998]).

In addition to respondent's failure to cooperate, the Committee maintains that there is uncontested evidence of respondent's professional misconduct, in particular, his conversion of the escrow funds held on behalf of his clients. The Committee has obtained bank records from respondent's IOLA account which demonstrate that respondent failed to maintain intact the funds he was holding relative to these closings as the balance of the account fell below the combined amounts. Therefore, based upon the dual grounds of failure to cooperate and uncontested evidence of conversion of client funds, the Committee contends that respondent constitutes an immediate threat to the public interest and should be suspended from the practice of law (*see e.g. Matter of Szaro,* 10 AD3d 81, 83 [2004] [attorney interimly suspended predicated on failure to cooperate and uncontested evidence of conversion of client funds]).

Notwithstanding being served with this motion to suspend at his business and home addresses by first class and certified mail, respondent has not submitted a response.

Respondent's failure to cooperate with the Committee's investigation has been clearly established. Respondent has failed to respond to both disciplinary complaints and failed to appear for a deposition and produce records as required by this Court's subpoena. In addition, bank records confirm that respondent has absconded with escrowed funds insofar as they show that the balance in respondent's IOLA account fell below the amounts he was required to maintain intact in connection with these two real estate matters. Thus, the Committee has demonstrated that respondent has failed to fully cooperate with the Committee and that there is uncontested evidence, in the form of bank records, demonstrating that respondent improperly used his IOLA account (*see Matter of Butler,* 241 AD2d 263 [1998]). Such conduct is "serious misconduct that demands an immediate response in defense of the public interest" (*see Matter of Wertis,* 307 AD2d 15, 18-19 [2003]).

Accordingly, the Committee's motion for an order immediately suspending respondent from the practice of law until such time as disciplinary proceedings have been concluded and until further order of this Court should be granted.

SULLIVAN, J.P., ELLERIN, WILLIAMS, GONZALEZ and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.