[792 NYS2d 427]

In the Matter of STANLEY J. SZARO (Admitted as STANLEY JOSEPH SZARO), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 31, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Andral L. Bratton* of counsel), for petitioner.

*Michael S. Ross* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Stanley J. Szaro was admitted to the practice of law in the State of New York by the First Judicial Department on February 6, 1984. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

By order entered July 29, 2004 (10 AD3d 81 [2004]), this Court granted the Departmental Disciplinary Committee's motion to suspend respondent from the practice of law on an interim basis for his willful failure to cooperate with the Committee in its investigation of professional misconduct as well as other uncontested evidence of misconduct. The Committee's notice of motion to suspend specifically stated that, pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension may be disbarred without further notice.

The Committee now seeks an order, pursuant to 22 NYCRR 603.4 (g), disbarring respondent from the practice of law, on the ground that he has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months since the date of the order of suspension.

Respondent has not appeared or applied in writing for a hearing or reinstatement. Instead, his attorney has submitted a letter on his behalf stating that respondent has instructed him to advise this Court that he does not oppose the Committee's instant motion.

Accordingly, inasmuch as more than six months have elapsed since the date of this Court's order of suspension, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or for reinstatement, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

FRIEDMAN, J.P., MARLOW, NARDELLI, GONZALEZ and SWEENY, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.