[804 NYS2d 57]

In the Matter of BARRY W. HOROWITZ (Admitted as BARRY WAYNE HOROWITZ), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 4, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*La Trisha A. Wilson* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Barry W. Horowitz was admitted to the practice of law in the State of New York by the Second Judicial Department on March 18, 1970, as Barry Wayne Horowitz. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department. Respondent is also admitted to practice law in New Jersey.

By order entered January 6, 2005 (14 AD3d 191 [2005]), this Court suspended respondent from the practice of law on an interim basis, pursuant to 22 NYCRR 603.4 (e) (1) (i), based on his failure to cooperate with the Departmental Disciplinary Committee's investigation, during the last two years, into his neglect of six client matters.

Respondent failed to cooperate with the Committee's investigation by not answering any of the complaints or appearing before the Committee pursuant to two subpoenas duces tecum issued by this Court. In addition, he engaged in evasive conduct, was delinquent in his registration with the Office of Court Administration and failed to provide OCA with the required notification of his new business telephone number. Moreover, on or about July 23, 2004, the Supreme Court of New Jersey suspended respondent for three months for lack of diligence, failure to communicate with a client, practicing law while ineligible to do so, and failure to cooperate with disciplinary authorities (180 NJ 520, 853 A2d 230 [2004]). Respondent never informed the Committee of the New Jersey suspension as required.

The Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 603.4 (g), on the ground that he has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the suspension date.

Accordingly, inasmuch as more than six months have elapsed since the date of this Court's suspension order, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted (*see Matter of Szaro,* 17 AD3d 50 [2005]).

BUCKLEY, P.J., ANDRIAS, SULLIVAN, ELLERIN and WILLIAMS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.