In the Matter of LASSALLE BEST, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 23, 1987

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Robert J. Saltzman* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice by this court on June 19, 1963.

On July 25, 1986, the respondent was found guilty after a

jury trial in the United States District Court for the Eastern District of New York, of violating 18 USC § 371 (conspiracy to commit offense or to defraud United States), a Federal felony, and of violating 18 USC § 2113 (c) (bank robbery and incidental crimes), a Federal felony.

18 USC § 2113 (c) provides: "Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value which has been taken or stolen from a bank, credit union, or savings and loan association in violation of subsection (b), knowing the same to be property which has been stolen shall be subject to the punishment provided in subsection (b) for the taker."

New York Penal Law § 165.50 (criminal possession of stolen property in the first degree), a class D felony, provides: "A person is guilty of criminal possession of stolen property in the first degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceeds one thousand five hundred dollars."

Penal Law § 165.55 (1) indicates that the person who "knowingly possesses," is presumed to possess "with intent" as is required by Penal Law § 165.50.

Though 18 USC § 2113 (c) is silent on the monetary value of the stolen property, in the instant case the respondent possessed $20,000 worth of stolen negotiable instruments. Thus, the crime charged falls well within the $1,500 requirement of Penal Law § 165.50. While the Federal felony need not be a mirror image of the New York felony it must have essential similarity *(Matter of Margiotta,* 60 NY2d 147), and in this instance the Federal felony would constitute a felony in this State.

Pursuant to Judiciary Law § 90 (4), upon his conviction of a felony, the respondent ceased to be an attorney and counselor-at-law in this State.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and it is directed that the respondent's name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.