(February 7, 1995)

■ In the Matter of ALLAN Y. WONG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [622 NYS2d 356] —Per Curiam. Respondent was admitted to practice by this Court on May 23, 1989. At that time he was also a member of the Massachusetts bar.

In 1992, respondent was convicted after a jury trial in New Hampshire of the felony of receiving stolen property in violation of New Hampshire Revised Statutes Annotated § 637:7. The conviction was affirmed by the Supreme Court of New Hampshire in 1993 *(State v Wong,* 138 NH 56, 635 A2d 470).

On June 7, 1994, based upon his conviction, the Supreme Judicial Court for Suffolk County of the Commonwealth of Massachusetts suspended respondent from practice in Massachusetts effective January 1, 1993, for a period of three years.

Petitioner, Committee on Professional Standards, also based upon respondent's felony conviction, moves for an order pursuant to Judiciary Law § 90 (4) and section 806.7 (22 NYCRR 806.7) of this Court's rules commanding respondent to desist and refrain from the practice of law and striking his name from the roll of attorneys or, in the alternative, for an order pursuant to Judiciary Law § 90 (4) (f) and section 806.7 (22

NYCRR 806.7) of this Court's rules suspending respondent from the practice of law until such time as a final disciplinary order shall be entered pursuant to Judiciary Law § 90 (4) (g). Respondent opposes the motion.

Pursuant to Judiciary Law § 90 (4) (a) and (e), an attorney convicted of a criminal offense classified as a felony in another State is automatically disbarred where the criminal offense, if committed in this State, would constitute a felony in this State. For the purpose of determining whether a felony in another State would constitute a felony in this State, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity (*Matter of Margiotta,* 60 NY2d 147, 150). On the facts presented in *State v Wong (supra),* we conclude that respondent, had he committed his criminal offense in New York, could have been convicted under Penal Law § 165.45, criminal possession of stolen property in the fourth degree, a class E felony (*see, e.g., Matter of Best,* 126 AD2d 286; *see also,* Penal Law § 165.55 [1]; *People v Zorcik,* 67 NY2d 670, 671). Both New Hampshire Revised Statutes Annotated § 637:7 and Penal Law § 165.45 make felonious the knowing possession of stolen property with intent to deprive the owner thereof.

In view of the above, we conclude that respondent ceased to be an attorney and counselor-at-law in this State upon his conviction in New Hampshire. We therefore grant petitioner's motion and order respondent's name struck from the roll of attorneys forthwith.

Mercure, J. P., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that, petitioner's motion is granted; and it is further ordered that respondent, Allan Y. Wong, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; and he hereby is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is

further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.