[742 NYS2d 211]

In the Matter of HERBERT M. JACOBI (Admitted as HERBERT MORDECAI JACOBI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 30, 2002

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Douglas T. Burns* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Herbert M. Jacobi, was admitted to the practice

of law in the State of New York by the Second Judicial Department on March 22, 1967, as Herbert Mordecai Jacobi. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e).

In an indictment filed on September 28, 2001, respondent was charged in the United States District Court for the Eastern District of New York with, inter alia, conspiring to receive stolen government records (count one) in violation of 18 USC §§ 371 and 641 and making false statements to the FBI (count five) in violation of 18 USC § 1001 (a) (2), both felonies. On October 17, 2001, pursuant to a plea agreement executed on October 12, 2001, respondent pleaded guilty to counts one and five of the indictment. On January 18, 2002, respondent was sentenced to three years probation on each count to run concurrently and a fine of $10,000.

On October 23, 2001, respondent submitted his resignation to the Disciplinary Committee. Respondent's resignation cannot be accepted since his disbarment was automatic and effective upon his conviction (*Matter of Merola*, 131 AD2d 58). Respondent does not oppose the relief sought on the current motion.

The federal crime of conspiring to receive stolen government records in violation of 18 USC §§ 371 and 641 is essentially similar to the New York felony of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]) and, consequently, provides a proper predicate for respondent's automatic disbarment under Judiciary Law § 90 (4) (a) (*see, Matter of Margiotta*, 60 NY2d 147, 149). During his plea allocution, respondent admitted that between March and June 2001, he knowingly agreed with others to receive and review stolen FBI records, the value of which exceeded $1,000, with the intent to convert them to his own use or gain, or that of his client. Conviction of conspiring to receive stolen federal government records is a sufficient predicate for automatic disbarment (*see, Matter of Landan*, 231 AD2d 303; *Matter of Best*, 126 AD2d 286).

Accordingly, the petition should be granted and respondent's name stricken from the rolls of attorneys in the State of New York pursuant to Judiciary Law § 90 (4) (b).

SAXE, J.P., BUCKLEY, SULLIVAN, ROSENBERGER and ELLERIN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc to October 17, 2001.