[764 NYS2d 687]

In the Matter of CHARLES B. STARK (Admitted as CHARLES BRUCE STARK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 30, 2003

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Charles B. Stark*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Charles B. Stark was admitted to the practice of

law in the State of New York as Charles Bruce Stark by the Second Judicial Department on September 13, 1971 and, at all times relevant herein, has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the ground that he has automatically been disbarred upon his conviction of a felony, as defined by Judiciary Law § 90 (4) (e).

Respondent, on or about September 6, 2002, was charged in a superior court information filed in Supreme Court, Westchester County, with one count of "attempted [d]isseminating indecent material to a minor in the first degree" in violation of Penal Law §§ 110.00 and 235.22, a class E felony. The information asserts that from on or about January 16, 2002, to on or about February 28, 2002, respondent intentionally used a "computer communication system" to communicate or have chat conversations with a person he believed to be a minor and importuned or invited that individual to engage in deviate sexual intercourse and sexual contact with him.

Respondent is alleged to have believed an undercover investigator was, in fact, a 14-year old boy when he suggested a meeting in order to engage in certain "sexual acts." Respondent arrived at the agreed-upon meeting place. Respondent subsequently pleaded guilty to the felony charge on June 19, 2002, and on September 4, 2002, was sentenced to five years probation and a $200 mandatory surcharge. The Committee also maintains that respondent failed to inform it of his conviction as required by Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f).

Respondent, in an affidavit of resignation submitted in response to the petition, "beg[s] leave of this Court to permit [him] to resign." Respondent avers that he has never been the subject of any proceeding or complaint since his admission in 1971 and that he has permanently retired from the practice of law. Further, respondent freely acknowledges he cannot defend himself against the pending disciplinary proceeding and requests that this Court exercise its discretion and permit him to resign rather than striking his name from the rolls.

Respondent's resignation, however, cannot be accepted by this Court since he automatically ceased to be an attorney upon his conviction of a felony (see Matter of Jacobi, 293 AD2d 77 [2002]; Matter of Merola, 131 AD2d 58 [1987]).

Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys in the State of New York, pursuant to Judiciary Law § 90 (4) (b).

NARDELLI, J.P., ROSENBERGER, WILLIAMS, MARLOW and GONZALEZ, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselor-at-law in the State of New York, effective nunc pro tunc to June 19, 2002.