[814 NYS2d 661]

In the Matter of Jan B. Kabas (Admitted as Jan Bernard Kabas), an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, April 25, 2006

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Kase & Druker*, Garden City (*James O. Druker* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

On August 24, 2005, a felony complaint was filed in the District Court, Nassau County, charging the respondent with two counts of attempted disseminating indecent material to minors in the first degree, pursuant to Penal Law §§ 110.00 and 235.22, a class E felony. On September 9, 2005, the respondent pleaded guilty before the Honorable Christopher G. Quinn to one count of attempted disseminating indecent material to minors in the first degree in satisfaction of the charges. During the course of his plea allocution, the respondent specifically admitted that on August 18, 2005, he sent indecent material over the internet to someone he believed to be a minor. The communication regarded sexual conduct for the respondent's benefit.

Judiciary Law § 90 (4) mandates that an attorney's name be stricken from the roll of attorneys upon his or her conviction of a New York State felony. Accordingly, the resignation proffered by the respondent is rejected and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

On the Court's own motion, a conservator is appointed to inventory the files of the respondent and to take such action as is deemed proper and advisable to protect the interests of the respondent's former clients.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and CRANE, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jan B. Kabas, admitted as Jan Bernard Kabas, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Jan B. Kabas, admitted as Jan Bernard Kabas, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jan B. Kabas, admitted as Jan Ber-

nard Kabas, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Jan B. Kabas, admitted as Jan Bernard Kabas, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the affidavit of resignation dated December 29, 2005, tendered by the respondent, Jan B. Kabas, admitted as Jan Bernard Kabas, is rejected in view of his automatic disbarment; and it is further,

Ordered that on the Court's own motion, pursuant to 22 NYCRR 691.10 (g), Catherine Sammartino, Esq., 67 The Helm, East Islip, New York, 11730, is appointed as conservator to inventory the files of the respondent and to take such action as is deemed proper and advisable to protect the interests of the respondent's former clients.