[908 NYS2d 635]

In the Matter of BRIAN C. O'SHAUGHNESSY (Admitted as BRIAN CHARLES O'SHAUGHNESSY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 30, 2010

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Brian Charles O'Shaugnessy was admitted to the practice of law in the State of New York by the First Judicial Department on March 3, 1986; he was also admitted to the bar of Connecticut. He has not maintained an office for the practice of law in New York, and is currently incarcerated in Connecticut.

On August 8, 2008, respondent pleaded guilty to four Connecticut felonies: enticing a minor by computer, in violation of Connecticut General Statutes Annotated § 53a-90a; risk of injury to a child, in violation of section 53-21 (a) (1); attempt to entice a minor by computer, in violation of sections 53a-49 and 53a-90a; and attempt to commit risk of injury to a child, in violation of sections 53a-49 and 53-21 (a) (1). The first two charges arose out of respondent's sexual conversations, in an Internet chat room and over the telephone, with a 14-year-old girl in Kentucky. The second two charges arose out of respondent's sexual conversations, also in an Internet chat room and over the telephone, with a Pennsylvania undercover officer posing as a 13-year-old girl; in addition, respondent sent the undercover officer pornographic pictures over the Internet.

On October 24, 2008, respondent was sentenced to a total term of 10 years' imprisonment, with execution suspended after 18 months, 15 years' probation, and certain conditions, including registering as a sex offender, refraining from Internet use, refraining from contact with the victim, and restitution of the victim's out-of-pocket psychiatric expenses.

The Connecticut chief disciplinary counsel commenced a proceeding against respondent, culminating in respondent's agreement to a suspension, retroactive to his sentencing date and continuing until the conclusion of his probation, at which point he would be eligible for reinstatement. The Connecticut Superior Court issued an order to that effect on May 19, 2009. Respondent failed to notify the Departmental Disciplinary Committee (Committee) of his conviction, as required by Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f).

The Committee now petitions for an order, pursuant to the doctrine of reciprocal discipline (22 NYCRR 603.3), disciplining respondent predicated upon similar discipline imposed by Connecticut (*see Matter of Harris*, 37 AD3d 90 [2006]).

We find that imposing disbarment, based on the discipline imposed in Connecticut, is appropriate and is in accord with

this Court's precedent. Respondent was provided with notice and was represented by counsel in the Connecticut disciplinary proceeding. The proof was adequate, in that he admitted to the charges, which were premised on his criminal convictions. Respondent's plea admission that he sent pornographic images over the Internet to an undercover officer whom he believed to be a 13 year old with whom he had Internet and telephone conversations, together with his conviction of attempting to entice that person to engage in sexual activity, would constitute the New York class E felony of attempted disseminating indecent material to minors in the first degree (Penal Law §§ 110.00, 235.22), and thereby result in automatic disbarment (*see Matter of Stark*, 309 AD2d 4 [2003]). The instant case entails more egregious conduct, and fewer mitigating circumstances, than *Matter of Lever* (60 AD3d 37 [2008]) inasmuch as respondent not only engaged in sexual conversations with an undercover officer, as in *Lever*, but also with an actual minor. Thus, a minor was placed at risk, and there was more than an isolated incident.

We deny the petition, however, to the extent it seeks suspension coextensive with the 15-year term of criminal probation. This Court does not impose suspensions of 15 years, as requested by the Committee, because a disbarment lasts seven years, at which point an attorney may petition for reinstatement (*see* 22 NYCRR 603.14 [a] [2]). At such time, the Committee would have an opportunity to oppose the application (*see* 22 NYCRR 603.14 [f]), and any continuing period of criminal probation would be a factor for this Court to consider.

Accordingly, the Committee's petition should be denied to the extent that it seeks to impose a sanction of a suspension coextensive with the 15-year term of criminal probation, and granted to the extent that it seeks findings of misconduct and an alternate sanction, and respondent is disbarred from the practice of law, effective the date hereof, and until further order of this Court.

FRIEDMAN, J.P., NARDELLI, MOSKOWITZ, FREEDMAN and MANZANET-DANIELS, JJ., concur.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.