[915 NYS2d 17]

In the Matter of TODD WILLIAM GENGER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 23, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady J. Edelstein* of counsel), for petitioner.

*Law Offices of Michael S. Ross* (*Pery D. Krinsky* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Todd William Genger was admitted to the practice of law in the State of New York by the Second Judicial Department on May 22, 2002, as Todd William Genger. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On February 23, 2010, in the Supreme Court, Westchester County, respondent pleaded guilty to two counts of attempted dissemination of indecent material to minors in the first degree, in violation of Penal Law §§ 110.00 and 235.22, a class E felony.

During his plea allocution respondent admitted that between December 9, 2008 and June 23, 2009 and between April 13, 2009 and July 27, 2009, he intentionally engaged in a series of computer chat conversations as a means to attempt, importune, invite or induce a person he believed to be a minor to engage in sexual conduct for his benefit. Respondent admitted to engaging in these computer chat conversations with a person he believed to be a 15-year-old female, but who was actually an undercover investigator, and that the conversations included discussions of specific sexual acts. On June 29, 2010, respondent was sentenced to a five-year period of probation.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys on the ground that he was disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent, through counsel, does not oppose the relief sought by the Committee. Respondent was automatically disbarred upon his felony conviction because a conviction for "any criminal offense classified as a felony under the laws of this state" (*id.*) results in automatic disbarment pursuant to Judiciary Law § 90 (4) (a). Consequently, striking respondent's name from the roll of attorneys is appropriate pursuant to Judiciary Law § 90 (4) (b) (*see Matter of Kabas*, 30 AD3d 34 [2006] [attorney convicted of attempted dissemination of indecent material to minors in the first degree automatically disbarred]; *Matter of Stark*, 309 AD2d 4 [2003]; *Matter of Paladino*, 291 AD2d 127 [2002]; *Matter of Chilewich*, 20 AD3d 109 [2005]).

Accordingly, the petition is granted, as respondent ceased to be an attorney authorized to practice law in New York State

upon his felony convictions, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 23, 2010.

SAXE, J.P., ACOSTA, FREEDMAN, RICHTER and ABDUS-SALAAM, JJ., concur.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to February 23, 2010.