*91 OPINION OF THE COURT
Per Curiam.
Respondent Peter D.W Heberling was admitted to the practice of law in the State of New York by the First Judicial Department on March 14, 1977, and at all times relevant to these proceedings, has maintained an office for the practice of law within the First Judicial Department.
On March 13, 2013, respondent pleaded guilty in Supreme Court, Bronx County, to one count of attempted dissemination of indecent material to minors in the first degree, in violation of Penal Law §§ 110.00 and 235.22, a class E felony.
On October 31, 2013, respondent was sentenced to a period of probation of five years, and required to register as a sex offender, and pay various fees and surcharges.
The Departmental Disciplinary Committee now seeks an order striking respondent’s name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that he has been automatically disbarred upon his conviction of a felony, as defined by Judiciary Law § 90 (4) (e) (Matter of Chilewich, 20 AD3d 109 [1st Dept 2005]; Matter of Weissman, 5 AD3d 28 [1st Dept 2004]; Matter of Christiansen, 220 AD2d 98 [1st Dept 1996]).
Respondent was served with this motion but no response has been submitted to the Court.
Having been convicted of a “criminal offense classified as a felony under the laws of this state” (see Judiciary Law § 90 [4] [e]), respondent automatically ceased to be an attorney by operation of law upon entry of his guilty plea and, therefore, his name should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) (see Matter of Genger, 79 AD3d 186 [1st Dept 2010] [attorney automatically disbarred for conviction of attempted disseminating indecent materials to minors in first degree]; Matter of Stark, 309 AD2d 4 [1st Dept 2003] [same]; Matter of Kabas, 30 AD3d 34 [2d Dept 2006] [same]; Matter of Paladino, 291 AD2d 127 [2d Dept 2002] [attorney automatically disbarred for convictions of sodomy and disseminating indecent materials to minors]).
Accordingly, the Committee’s petition should be granted to the extent of striking respondent’s name from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc to March 13, 2013.
Mazzarelli, J.E, Friedman, DeGrasse, Freedman and Kapnick, JJ., concur.
*92 Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 13, 2013.