Matter of Suh (2025 NY Slip Op 04753)

Matter of Suh

2025 NY Slip Op 04753

Decided on August 21, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 21, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Barbara R. Kapnick
Justice Presiding

Motion No. 2025-03355|Case No. 2025-01561|

[*1]In the Matter of Tong-Hyon Suh an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Tong-Hyon Suh (OCA Atty Reg. 4096335), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Tong-Hyon Suh, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on November 19, 2003.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Respondent Tong-Hyon Suh was admitted to the practice of law in the State of New York by the Second Judicial Department on November 19, 2023. At all times relevant to this proceeding, he maintained a registered address within the First Judicial Department (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
On March 19, 2024, in response to an indictment filed against him in the United States District Court for the Southern District of New York, respondent pled guilty to Attempted Enticement, in violation of 18 USC § 2422(b). On October 17, 2024, respondent was sentenced to a prison term of 120 months and 10 years of supervised release, a conviction that respondent did not report to the Attorney Grievance Committee (AGC) as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a).
The AGC now moves for an order striking respondent's name from the roll of attorneys under Judiciary Law § 90(4)(b) and 22 NYCRR 1240.12(c)(1), on the ground that he has been convicted of a felony as defined by Judiciary Law § 90(4)(e), and has therefore been disbarred by operation of law.
Respondent has not answered the motion, despite the AGC's service of the motion to respondent at his place of incarceration by first class mail with tracking and by certified mail, return receipt requested, in accordance with this Court's March 26, 2025 order permitting substitute service pursuant to 22 NYCRR 1240.8(a).
An attorney licensed in this State who is convicted of a felony "shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such" (Judiciary Law § 90[4][a]). Automatic disbarment results where the conviction is of a felony as defined by any provision of New York State law, or of "any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90[4][e]).
Where the felony underlying the conviction is not one defined by New York law, the AGC need not establish strict identicality between the out-of-state felony and a New York felony, but it must demonstrate that the two possess "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150 [1983]; see Matter of Conroy, 167 AD3d 44, 46 [1st Dept 2018]; Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). If the elements of the two do not directly correspond to each other, "'essential similarity' may be established by admissions made under oath during a plea allocution, read in conjunction with the indictment or information" (Matter of Cobb, 209 AD3d 92, 94 [1st Dept 2022]).
Here, the AGC asserts that the federal felony of which respondent has been convicted is "essentially similar" to the New York class E felony of attempt to disseminate indecent material to minors in the first degree (see Penal Law §§ 110.00, 235.22).
A defendant commits the New York felony of disseminating indecent material to minors in the first degree when,
"1. knowing the character and content of the communication which, in whole or in part, depicts or describes, either in words or images actual or simulated nudity, sexual conduct or sado-masochistic abuse, and which is harmful to minors, he intentionally uses any computer communication system allowing the input, output, examination or transfer, of computer data or computer programs from one computer to another, to initiate or engage in such communication with a person who is a minor; and"
"2. by means of such communication he importunes, invites or induces a minor to engage in vaginal sexual contact, oral sexual contact or anal sexual contact, or sexual contact with him, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his benefit" (Penal Law § 235.22).
The federal felony of enticement occurs when,
"using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States [the defendant] knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so" (18 USC § 2422[b]).
The indictment, plea and stipulated facts collectively establish that, by telephone and by a messaging and chat application and platform, respondent communicated with someone whom he believed to be a 14-year-old living in another state for the purpose of soliciting her agreement to engage in various sexual encounters, including sexual intercourse. Respondent requested sexually explicit photographs from the person, intended to record the encounters, and took steps to ensure that such encounter would occur, including securing a private location and using interstate commerce and ridesharing services to travel to the location and to provide transportation to the person.
The AGC argues, and we agree, that this establishes that respondent knowingly and willfully used computer-based communication systems to invite a minor to engage in sexual acts, actions that correspond to Penal Law §§ 110.00 and 235.22. The AGC has established that the federal felony of which respondent has been convicted corresponds to the elements of the New York felony of disseminating indecent material to minors in the first degree, and that the conduct underlying respondent's conviction mirrors that for which we have disbarred other attorneys in relation to Penal Law § 235.22 (see Matter of Waxman, ___AD3d___, 2025 NY Slip Op 04220 [1st Dept 2025]; Matter of Heberling, 119 AD3d 90 [1st Dept 2014]; Matter of Genger, 79 AD3d 186 [1st Dept 2010]; Matter of Stark, 309 AD2d 4 [1st Dept 2003]). Respondent's federal conviction therefore serves as an appropriate predicate for his automatic disbarment.
Accordingly, the AGC's motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to the date of his conviction (see Matter of Sterling, 205 AD3d 201, 204 [1st Dept 2022]), which occurred at the time of his plea on March 19, 2024 (see Matter of Conroy, 167 AD3d at 46; Matter of Ravelo, 163 AD3d 98, 102 [1st Dept 2018]).
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department, pursuant to Judiciary Law §90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), is granted, and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to March 19, 2024, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Tong-Hyon Suh, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Tong-Hyon Suh, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Tong-Hyon Suh, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: August 21, 2025