[795 NYS2d 232]

In the Matter of DANIEL S. CHILEWICH (Admitted as DANIEL SETH CHILEWICH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 24, 2005

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond J. Vallejo* of counsel), for petitioner.

*Michael S. Ross* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State

of New York on January 11, 1993, by the First Judicial Department. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

In 2003, respondent was charged in a multicount indictment with restraint of trade and competition in violation of General Business Law §§ 340 and 341 and enterprise corruption, two counts of commercial bribery in the first degree, three counts of bribery in the third degree, six counts of offering a false instrument for filing in the first degree, and money laundering in the fourth degree, in violation of Penal Law § 460.20 (1) (a), §§ 180.03, 200.00, 175.35 and 470.05 (1) (a) (i) (A), respectively. On February 2, 2005, respondent was convicted, upon his plea of guilty, in Supreme Court, New York County, of the crime of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35, a class E felony, in full satisfaction of the indictment.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent, through counsel, does not oppose the relief sought by the Committee.

Respondent ceased to be an attorney in New York upon his conviction of a felony (see Judiciary Law § 90 [4] [a]; *Matter of Singer*, 12 AD3d 15 [2004]). The fact that respondent has not yet been sentenced is not an impediment to the Committee's petition. For purposes of disbarment, conviction occurs at the time of plea (see *Matter of Lurie*, 207 AD2d 48, 49 [1995]).

Accordingly, the petition should be granted and respondent's name stricken from the roll of attorneys authorized to practice law (see Judiciary Law § 90 [4] [b]), nunc pro tunc to February 2, 2005.

Tom, J.P., Andrias, Marlow, Ellerin and Sweeny, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 2, 2005.