[804 NYS2d 50]

In the Matter of MICHAEL A. SZEGDA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 20, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady J. Edelstein* of counsel), for petitioner.

*Michael S. Ross* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael A. Szegda was admitted to the practice

of law in the State of New York by the First Judicial Department on March 19, 1973, and at all times relevant to these proceedings has maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law, based upon his failure to cooperate with the Committee's investigation into escrowed funds and upon uncontested evidence of professional misconduct. Respondent does not oppose the petition.

The Committee opened its investigation after receiving two complaints that respondent misappropriated and failed to return funds he had received on behalf of the complainants and was obligated to hold for them in escrow. The first complaint alleged that respondent was to have held more than $350,000 in escrow from the sale of his clients' real property and that, pursuant to a March 2003 court order, he was to release $355,480.28 plus interest to their litigation counsel. However, respondent informed his clients that he did not have the money and needed more time. The second complaint alleged that respondent, who represented one of the coproducers of a film, was to have held $13,066.61 in escrow for the complainant, another coproducer, and was to have released the funds to the complainant as of February 4, 2003. Two years later, the complainant had not received the money.

The Committee twice sent the complaints to respondent and demanded but did not receive a written response. The second demand advised respondent that his failure to respond could result in suspension from practice. Thereafter, the Committee served a judicial subpoena duces tecum returnable April 13, 2005, calling for respondent's appearance and testimony and the production of his escrow and trust account records. By letter dated April 14, 2005, respondent's counsel informed the Committee that respondent was "not in a position to produce the records and/or appear for a deposition." The letter also advised that respondent was ready to resign from the bar.

The Committee then subpoenaed respondent's bank records from the bank. It received an IOLA statement that showed balances inadequate to account for the May 14, 2001 deposit of $209,480.28 received from the sale of his clients' real property. The Committee requested an explanation from respondent, who, according to the petition, "respectfully declined to respond."

On May 4, 2005, the complainant for whom respondent was holding money from a film advised the Committee that he had received his $13,066.35 from respondent and that he was withdrawing his complaint.

The Committee has established that respondent failed to cooperate with its investigation and that there is uncontested evidence, in the form of bank records, that respondent improperly used his IOLA account, which constitutes professional misconduct immediately threatening the public interest (22 NYCRR 603.4 [e] [1] [i], [iii]; *Matter of Lee*, 14 AD3d 98, 100 [2004]).

Accordingly, the Committee's motion for an order immediately suspending respondent from the practice of law until such time as disciplinary proceedings have been concluded and until further order of this Court should be granted.

TOM, J.P., SULLIVAN, ELLERIN, NARDELLI and WILLIAMS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.