[802 NYS2d 667]

In the Matter of Chak Y. Lee (Admitted as Chak Yin Lee), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 25, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*James T. Shed* of counsel), for petitioner.

No appearance for respondent.

Per Curiam.

Respondent Chak Y. Lee was admitted to the practice of law in New York by the Second Judicial Department on January 17, 1990, under the name Chak Yin Lee. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered December 28, 2004 (14 AD3d 98 [2004]), this Court suspended respondent on an interim basis based upon his willful failure to comply with a court-ordered subpoena, to cooperate with the Committee's investigation and upon uncontested evidence that he converted real estate down payments held in escrow on behalf of two complaining clients. Respondent has not appeared or applied in writing for a hearing on his reinstatement.

Most recently, by order entered July 14, 2005, this Court appointed an attorney to inventory respondent's client files in order to protect the interests of his clients.

In between the two orders, respondent was charged in an 11-count indictment in Supreme Court, New York County, with scheme to defraud in the first degree in violation of Penal Law § 190.65 (1) (b), criminal possession of stolen property in the second degree in violation of Penal Law § 165.52, grand larceny in the second degree in violation of Penal Law § 155.40 (3 counts), and grand larceny in the third degree in violation of Penal Law § 155.35 (6 counts).

The indictment alleged that, inter alia, from February 2004 through September 2004, respondent stole approximately $169,000 he held in escrow on behalf of nine clients. On May 5, 2005, respondent pleaded guilty to grand larceny in the second degree (Penal Law § 155.40 [1]), a class C felony, in full satisfaction of the indictment, relating to his theft of over $50,000 from one of his clients.

On May 24, 2005, respondent was sentenced to a term of imprisonment of from 1 to 3 years and directed to make restitution in the amount of $774,840. Respondent was automatically disbarred upon entry of his guilty plea to a New York felony pursuant to Judiciary Law § 90 (4) (e) (see Judiciary Law § 90 [4] [b]; Matter of Chilewich, 20 AD3d 109 [2005] [respondent convicted of New York felony of offering a false instrument for

filing was automatically disbarred]; *Matter of Singer*, 12 AD3d 15 [2004]; *Matter of Hampton*, 6 AD3d 82 [2004] [respondent convicted of, inter alia, grand larceny in second degree automatically disbarred]).

Accordingly, the Departmental Disciplinary Committee's motion* to strike respondent Chak Y. Lee's name from the roll of attorneys and counselors-at-law in the State of New York should be granted, effective nunc pro tunc to the date of the entry of his guilty plea, May 5, 2005.

SULLIVAN, J.P., ELLERIN, WILLIAMS, GONZALEZ and CATTERSON, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 5, 2005.

---

* Respondent was personally served on August 2, 2005 with this motion by prison personnel at Franklin Correctional Facility, where he is currently incarcerated. A copy was also mailed to him in jail. Respondent has not submitted a response.