[836 NYS2d 181]

In the Matter of MICHAEL A. SZEGDA, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 24, 2007

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady J. Edelstein* of counsel), for petitioner.

*Michael S. Ross* (*Pery D. Krinsky* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Michael A. Szegda was admitted to the practice of law in the State of New York by the First Judicial Department on March 19, 1973. At all times relevant to these proceedings, he has maintained an office for the practice of law within the First Judicial Department.

By order entered September 20, 2005, this Court suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) for failure to cooperate with the Committee's investigation into two complaints, one concerning escrowed real estate down payment funds totaling more than $350,000 and the other concerning escrowed funds being held on behalf of a film producer, and based upon uncontested evidence of professional misconduct (i.e., conversion of escrowed funds) (*Matter of Szegda*, 22 AD3d 103 [2005]).

On or about December 2, 2005, an indictment was filed in New York County, Supreme Court, charging respondent with grand larceny in the second degree in violation of Penal Law § 155.40 (1), for stealing property valued in excess of $50,000 (the escrowed real estate down payment funds) from his client during the period February 2001 through March 2003. On December 13, 2006, respondent pleaded guilty to the indictment, grand larceny in the second degree (Penal Law § 155.40 [1]), a class C felony. That same day respondent was sentenced to 100 hours of community service and five years probation.

The Committee now seeks an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys based upon the fact that he was automatically disbarred as of the date of his conviction of a felony, as defined by Judiciary Law § 90 (4) (e) (*see Matter of Chilewich*, 20 AD3d 109 [2005]; *Matter of Singer*, 12 AD3d 15 [2004]).

Respondent's conviction of the New York felony of grand larceny in the second degree constitutes grounds for automatic disbarment (*Matter of Berenholtz*, 40 AD3d 162 [2007] [automatic disbarment of attorney who was convicted of grand larceny in the second degree]; *Matter of Lee*, 25 AD3d 51 [2005] [same]).

Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to the date of entry of his guilty plea, December 13, 2006.

TOM, J.P., SULLIVAN, NARDELLI, WILLIAMS and KAVANAGH, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to December 13, 2006.