[845 NYS2d 264]

In the Matter of STEPHEN J. SHEINBAUM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 8, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C.* (*Kefira R. Wilderman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stephen J. Sheinbaum was admitted to the practice of law in the State of New York by the First Judicial Department on February 29, 1988. Although at all times relevant to this proceeding respondent maintained his principal place of business in Lake Success, New York, this Court has jurisdiction based upon his admission to the bar in the First Judicial Department.

In June 2005, respondent and others were charged in a multi-count superseding indictment filed in the United States District Court for the Eastern District of New York with various wire fraud and money laundering charges. On February 17, 2006, respondent pleaded guilty to two counts of conspiracy to commit wire fraud in violation of 18 USC § 371, a felony. Respondent has not yet been sentenced.*

The Departmental Disciplinary Committee now seeks, inter alia, an order pursuant to Judiciary Law § 90 (4) (a) striking respondent's name from the roll of attorneys on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent does not contest disbarment.

The underlying federal felony of conspiracy to commit wire fraud has "no direct felony analog[ ] under New York law" (*Matter of Mercado*, 1 AD3d 54, 55 [2003]). However, a conviction of a federal felony will trigger automatic disbarment if an equivalent felony exists under New York law which has "essential similarity" to the federal crime (*see Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Essential similarity between the elements of the New York felony and the foreign felony may be established in the admissions under oath made during a respondent's plea allocution (*Mercado, supra,* 1 AD3d at 55-56) which may be read in conjunction with the federal indictment (*see Matter of Peiffer*, 274 AD2d 158 [2000]).

In his plea allocution, respondent admitted that between June and November 2001, he conspired with others to defraud 1) his

---

* This application is timely even though respondent has not been sentenced. For purposes of automatic disbarment, a conviction occurs at the time of plea or verdict (*Matter of Ramirez*, 7 AD3d 52 [2004]).

employer of commissions of almost $80,000 and 2) the Bangladesh Ministry of money and property in excess of the statutory requirement by making materially false and fraudulent representations and promises and, in doing so, transmitting wire communications in interstate and foreign commerce.

Since respondent admitted to conduct which satisfies the elements of scheme to defraud in the first degree, a New York felony (*see* Penal Law § 190.65 [1] [b]), he is subject to automatic disbarment (*see Matter of Harnisch*, 7 AD3d 58 [2004]), which he does not contest.

Accordingly, the Disciplinary Committee's petition, insofar as it seeks to strike respondent's name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (a) should be granted, effective nunc pro tunc to February 17, 2006.

MAZZARELLI, J.P., SAXE, FRIEDMAN, MARLOW and WILLIAMS, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to February 17, 2006.