[854 NYS2d 8]

In the Matter of GWENERVA D. CHERRY, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 13, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Gwenerva D. Cherry was admitted to the practice of law in the State of New York by the First Judicial Department on March 25, 1991. At all times relevant to these proceedings, respondent maintained her principal place of business within the First Judicial Department.

By order entered February 13, 2007, this Court immediately suspended respondent from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), for failure to cooperate with the Committee's investigation concerning allegation that she intentionally converted a substantial sum of escrow funds and based upon uncontested evidence of professional misconduct that she did in fact intentionally convert and/or misappropriate such funds (*Matter of Cherry*, 39 AD3d 123 [2007]).

On November 20, 2007, respondent pleaded guilty in Supreme Court, New York County, to grand larceny in the second degree (Penal Law § 155.40 [1]), a class C felony, and grand larceny in the third degree (Penal Law § 155.35), a class D felony, in full satisfaction of a seven-count indictment arising out of the same allegations which were the subject of the Committee's investigation. During her plea allocution, respondent admitted that from September 2005 through and including April 2006 she stole escrow account funds from a client in excess of $50,000. She further admitted that from April 2006 through June 2006 she also stole funds belonging to a former client in connection with a real estate investment. Respondent is also under indictment in the United States District Court for the Southern District of New York for offenses related to bankruptcy fraud.

The Lawyers' Fund for Client Protection has approved awards for respondent's clients whose funds had been converted. Respondent will sign a confession of judgment in favor of the Lawyers' Fund for these amounts as part of her plea and sentence agreement.

The Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that she was automatically disbarred as of the date of her conviction of a felony as defined by Judiciary Law § 90 (4) (e) (*see Matter of Caro*, 46 AD3d 136 [2007]; *Matter of Szegda*, 42 AD3d 193 [2007]; *Matter of Lee*, 25 AD3d 51 [2005]).

For the purposes of automatic disbarment, conviction occurs at the time of plea or verdict (*Matter of Sheinbaum*, 47 AD3d 49 [2007]). Respondent's conviction of the class C felony of grand larceny in the second degree and class D felony of grand larceny

in the third degree constitute grounds for her automatic disbarment (*Matter of Berenholtz*, 40 AD3d 162 [2007]).

Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselor-at-law, pursuant to Judiciary Law § 90 (4) (b), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to November 20, 2007.

SAXE, J.P., FRIEDMAN, GONZALEZ, SWEENY and CATTERSON, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 20, 2007.