[907 NYS2d 676]

In the Matter of LOUIS W. ZEHIL (Admitted as LOUIS WILLIAM ZEHIL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 28, 2010

APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Louis W. Zehil*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Louis William Zehil was admitted to the practice of law in the State of New York by the First Judicial Department on March 25, 1996. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department. According to Office of Court Administration records, respondent is delinquent in his attorney registration for the biennial periods 2008/2009 and 2010/2011.

On March 15, 2010, respondent was convicted, upon his plea of guilty, in the United States District Court for the Southern District of New York, of conspiracy to commit securities fraud, in violation of 18 USC § 371, and securities fraud, in violation of 15 USC § 78j (b) and § 78ff and 17 CFR 240.10b-5. Respondent admitted that between January 2006 and February 2007, he had participated in a securities fraud scheme in which he knowingly used his role as counsel to several companies who were attempting to raise capital via private investment in public equity (PIPE) transactions, to defraud those clients by illegally acquiring shares of the PIPE transactions, before anyone else, through the use of front companies, reaping millions of dollars in illegal sales.

In light of respondent's felony conviction, the Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys.

Respondent does not oppose the motion and consents to the Committee's request to strike his name from the rolls since he has already admitted to the allegations set forth in the information and petition, and would like to express remorse for his conduct.

Since respondent was convicted of an offense that would constitute a felony under the laws of this State (*see* Judiciary Law § 90 [4] [e]; *Matter of Gansman*, 73 AD3d 1 [2010] [federal securities fraud statute defined by 15 USC § 78j (b) and § 78ff is essentially similar to New York's General Business Law § 352-c

(5) and (6), which proscribes and criminalizes fraud in the sale of securities in this state]), he ceased to be an attorney by operation of law upon entry of his guilty plea and his name should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4).* Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 15, 2010, the date of his conviction.

MAZZARELLI, J.P., MOSKOWITZ, DEGRASSE, ABDUS-SALAAM and MANZANET-DANIELS, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 15, 2010.

---

* For purposes of disbarment, conviction occurs at the time of plea (see *Matter of Chilewich*, 20 AD3d 109 [2005]).