[909 NYS2d 50]

In the Matter of Marc A. Bernstein (Admitted as Marc Alan Bernstein), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 12, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Eileen J. Shields* of counsel), for petitioner.

*Arthur L. Aidala*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Marc A. Bernstein was admitted to the practice of law in the State of New York by the First Judicial Department on February 8, 1982 under the name Marc Alan Bernstein. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

By order entered April 23, 2009, this Court immediately suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii), based upon his failure to cooperate with the lawful demands of the Departmental Disciplinary Committee and his substantial admission under oath that he converted clients' settlement funds to his personal use, and other uncontested evidence of professional misconduct (*Matter of Bernstein*, 63 AD3d 87 [2009]).

In May and July 2009, respondent was charged in two separate indictments filed in Supreme Court, New York County, with nine counts of grand larceny in the second degree (Penal Law § 155.40 [1]), a class C felony, seven counts of grand larceny in the third degree (Penal Law § 155.35), a class D felony, one count of scheme to defraud in the first degree (Penal Law § 190.65 [1] [a]), and two counts of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]), both class E felonies, for stealing funds from escrow accounts. In March 2010, respondent was charged in an indictment filed in Supreme Court, New York County, with criminal tax fraud in the second degree (Tax Law § 1805), a class C felony, offering a false instrument for filing in the first degree (Penal Law § 175.35), a class E felony,

and three counts of repeated failure to file income and earnings taxes (Tax Law § 1802 [a]), a class E felony.

On April 5, 2010, respondent pleaded guilty to the felony charges in the first two indictments, as adjusted.* As to the March 2010 indictment, he pleaded guilty to offering a false instrument for filing in the first degree, and two counts of repeatedly failing to file State income tax returns for the years 2003 through 2007.

Specifically, respondent admitted that between 2006 and 2009, he stole settlement and escrow funds from 16 medical malpractice and personal injury clients and a $900,000 deposit he was holding in escrow for a real estate purchaser. He also schemed to defraud approximately 13 additional clients in which he obtained property with a value in excess of $1,000. The total amount of his theft is believed to be approximately $2.2 million. Respondent also admitted that his filed New York State income tax return for 2008 contained material false information and statements by which he understated and underpaid the taxes due on the money he stole by more than $50,000, and that he repeatedly failed to file State personal income tax returns from 2003 through 2007. Respondent was ordered to pay a minimum of $200,000 in restitution by June 3, 2010, his scheduled sentencing date, at which time a restitution hearing was to be held to determine the total amount of restitution to be ordered.

By petition dated May 12, 2010, the Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b), upon the ground that he was automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e) (*see Matter of Caro*, 46 AD3d 136 [2007]; *Matter of Szegda*, 42 AD3d 193 [2007]). Respondent's counsel was served with this motion but no response has been submitted.

 Respondent's conviction of New York felonies constitutes grounds for automatic disbarment under Judiciary Law § 90 (4) (*see Matter of Cherry*, 51 AD3d 119 [2008] [automatic disbarment based upon conviction of grand larceny in the second and third degree]; *Matter of DeGrasse*, 44 AD3d 107 [2007] [automatic disbarment based upon conviction of grand larceny in the second degree]). For the purposes of automatic disbarment, conviction occurs at the time of plea or verdict (*Matter of Shein-*

---

* Count six of the July 2009 indictment (3553/09), alleging scheme to defraud in the first degree, was dismissed.

*baum*, 47 AD3d 49 [2007]; *Matter of Ramirez*, 7 AD3d 52 [2004]). Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law, nunc pro tunc to April 5, 2010, the date of his plea.

By separate motion dated May 13, 2010, the Committee requests an order pursuant to 22 NYCRR 603.13 (g) appointing an attorney to inventory respondent's files and to take such action as seems indicated to protect the interests of his clients on the ground that respondent has "stonewalled" every effort to return client files to those from whom he stole settlement funds. The clients need documents from their files to prove how much they are entitled to receive in restitution and to support their claims with the Lawyers' Fund for Client Protection.

The Committee advises that beginning in early 2009, after it sought respondent's interim suspension, and continuing through the fall of 2009, it has received a "steady stream of complaints" from respondent's clients alleging that, not only did he fail to disburse their settlement funds to them but that he completely stopped communicating with them. In March/April 2009, the Committee was contacted by Jordan Hecht, Esq., from whom respondent had subleased an office in the Hecht law firm's suite, reporting that respondent's clients were coming to the office to get their files but he could not release them because the files did not belong to him. By June 2009, Mr. Hecht informed the Committee that respondent had removed his files from the office but left no instructions for contacting him.

During this same time period (March 2009), the District Attorney's Office endeavored to assist the complainants in obtaining their files so they could prove respondent's thefts, and aided them in filing claims with the Lawyers' Fund for Client Protection. According to an affidavit of Assistant District Attorney (ADA) Keith, in September 2009, Judge Carruthers ordered respondent to produce all client files to the District Attorney's Office for return to his former clients, but respondent produced only 15 files. On March 19, 2010, Judge Carruthers ordered respondent to produce an inventory of his files by March 30, 2010, but he has not yet complied. ADA Keith further states that Archive Systems, Inc., has a storage facility in New Jersey at which respondent has placed dozens of boxes of files, yet respondent has not paid for the storage space and Archive's collection department is seeking payment. Based upon her conversation

with the representative at Archive, ADA Keith states that "it seems clear that it will take a court appointed receiver or some other mechanism of the courts to get access to the client files locked in the New Jersey storage facility." In addition, respondent's attorney in the criminal proceeding informed ADA Keith that respondent handed over to a successor law firm the few cases and client files he considered viable, ongoing matters and it is unclear if the affected clients were given notice of such transfer. Ms. Keith hopes that a receiver may be able to obtain the proper return of the complainants' property (their files) which they need for a restitution hearing.

The Committee adds that respondent's files in the storage facility are in danger of being destroyed and respondent's conduct has, in effect, obstructed the remaining clients from accessing their own files. Staff counsel notes that it is in respondent's own interest *not* to return said files so that his clients cannot prove their losses, thereby reducing the amount of restitution ordered by the court as well as the reimbursement he will owe to the Lawyers' Fund.

Accordingly, the Committee's petition to appoint an attorney pursuant 22 NYCRR 603.13 (g) to inventory the client files of respondent, Marc A. Bernstein, Esq., and to take such action as seems indicated to protect the interests of his clients should be granted.

GONZALEZ, P.J., TOM, ANDRIAS, NARDELLI and ROMÁN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 5, 2010. Receiver appointed, as indicated.