[924 NYS2d 84]

In the Matter of JAMES J. ARMENAKIS (Admitted as JAMES JOHN ARMENAKIS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 2, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Michael A. Gentile*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent James J. Armenakis was admitted to the practice of law in the State of New York by the First Judicial Department on January 15, 1973, under the name James John Armenakis. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

By order entered December 4, 2008, this Court suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii), based upon his admissions under oath and supporting documentation that he had committed professional misconduct that immediately threatened the public interest (*Matter of Armenakis*, 58 AD3d 222 [2008]). Specifically, respondent admitted that he converted to his own use $735,000 he was holding in escrow; mismanaged the escrow account which included repeated overdrafts; failed to maintain proper records; deposited personal funds into the escrow account; and failed to supervise a nonattorney in connection with the escrow account.

On October 22, 2010, respondent pleaded guilty in Supreme Court, New York County, to grand larceny in the second degree (Penal Law § 155.40 [1]), a class C felony; grand larceny in the third degree (Penal Law § 155.35), a class D felony; offering a false instrument for filing in the first degree (Penal Law § 175.35), a class E felony; and criminal possession of stolen property in the third degree (Penal Law § 165.50), a class D felony. The plea was in full satisfaction of an indictment and superior court information.

During his plea allocution, respondent admitted that he committed grand larceny in the second degree and offered a false instrument for filing in the first degree when, from 1996 through 2008, he failed to pay withholding taxes in relation to his law firm employees which amounted to approximately $90,000 (with penalties and interest it amounted to $200,000) and, he knowingly and falsely understated his tax liability on his 2006 New York State personal income tax return. Respondent further admitted that, as counsel for the seller in a real estate transaction, he deposited into his escrow account a down payment check in the amount of $735,000 and, thereafter, used those funds for personal obligations so that on or about May 2, 2008, the day of the closing, said funds were not turned over.

Thus, respondent conceded that by stealing the $735,000, he committed grand larceny in the third degree and knowingly possessed stolen property in the third degree. On November 17, 2010, respondent executed an affidavit of confession of judgment in the amount of $735,000, and was scheduled to enter into an order of restitution. While respondent was scheduled to be sentenced on these convictions on April 20, 2011, we have not been informed as to whether sentence has in fact been imposed.

The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred as a result of his felony convictions, as defined by Judiciary Law § 90 (4) (e). Respondent has written this Court stating that he will not be submitting a response to the Committee's motion to strike.

Respondent's conviction of New York felonies constitutes grounds for automatic disbarment under Judiciary Law § 90 (4) and his name should be stricken from the rolls (see Matter of Bernstein, 78 AD3d 94 [2010] [automatic disbarment based upon conviction of, inter alia, grand larceny in the second and third degrees, and offering a false instrument for filing in the first degree]; Matter of Cherry, 51 AD3d 119 [2008] [automatic disbarment based upon conviction of grand larceny in the second and third degrees]; Matter of Koeppel, 218 AD2d 46 [1995] [automatic disbarment based upon conviction of criminal possession of stolen property in the third degree]). The fact that respondent has not yet been sentenced does not impede the Committee's petition since, for purposes of automatic disbarment, conviction occurs at the time of plea (see Matter of Chilewich, 20 AD3d 109 [2005]; Matter of Sheinbaum, 47 AD3d 49 [2007]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b), effective nunc pro tunc to October 22, 2010.

Tom, J.P., Saxe, Moskowitz, Renwick, and DeGrasse, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 22, 2010.