[929 NYS2d 190]

In the Matter of FRED M. LAX (Admitted as FRED MARK LAX), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 1, 2011

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Stephen P. McGoldrick* of counsel), for petitioner.

*Michael S. Ross* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Fred Mark Lax was admitted to the practice of law in the State of New York by the First Judicial Department

on June 19, 1995. At all times relevant to these proceedings, respondent maintained his principal place of business within the First Judicial Department.

In 2009, respondent was charged in a superior court information filed in Supreme Court, New York County, with grand larceny in the second degree (Penal Law § 155.40 [1]), a class C felony, and grand larceny in the third degree (Penal Law § 155.35), a class D felony, and scheme to defraud in the first degree (Penal Law § 190.65), a class E felony.

On April 28, 2009, respondent pleaded guilty to grand larceny in the second degree and grand larceny in the third degree in full satisfaction of the charges. Respondent admitted during his plea allocution that between 2004 and 2008, he acted as an attorney for parties to residential real estate transactions that involved mortgage financing originated by a company named AFG Financial Group, Inc. In one such transaction, he admitted that he made false representations and used falsified mortgage documents in order to steal more than $50,000 in funds from Green Point Mortgage Funding. Respondent engaged in similar fraudulent behavior in another transaction in order to steal more than $3,000 in funds from Wells Fargo Bank.

On December 13, 2010, respondent was sentenced to an unconditional discharge on the C felony and 10 months incarceration on the D felony.

The Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred as of the date of his conviction of a felony as defined by Judiciary Law § 90 (4) (e) (*see Matter of Caro*, 46 AD3d 136 [2007]; *Matter of Szegda*, 42 AD3d 193 [2007]; *Matter of Lee*, 25 AD3d 51 [2005]).

Respondent's counsel has submitted his affidavit advising this Court that respondent does not oppose this motion to strike his name from the rolls in light of his disbarment by operation of law. Counsel asks that respondent's disbarment be granted nunc pro tunc to the date of his guilty plea.

For the purposes of automatic disbarment, conviction occurs at the time of plea or verdict (*Matter of Sheinbaum*, 47 AD3d 49 [2007]). Respondent's conviction of the class C felony of grand larceny in the second degree and class D felony of grand larceny in the third degree constitute grounds for his automatic disbar-

ment (*Matter of Bernstein*, 78 AD3d 94 [2010]; *Matter of Cherry*, 51 AD3d 119 [2008]; *Matter of Berenholtz*, 40 AD3d 162 [2007]).

Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselor-at-law pursuant to Judiciary Law § 90 (4) (a) and (b), should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to April 28, 2009.

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN, SWEENY and ACOSTA, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 28, 2009.