[19 NYS3d 171]

In the Matter of JEFF H. GALLOWAY (Admitted as JEFF HIXSON GALLOWAY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 19, 2015

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Kostelanetz & Fink, LLP* (*Michael Sardar* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jeff H. Galloway was admitted to the practice of law in the State of New York by the First Judicial Department on March 1, 1982, under the name Jeff Hixon Galloway. At all times relevant to this proceeding, he maintained a law office within this Judicial Department.

On June 4, 2015, respondent pleaded guilty in Supreme Court, New York County, to criminal tax fraud in the third degree, a class D felony, in violation of Tax Law § 1804, and thereafter was sentenced to three months imprisonment to run concurrently with five years of probation. This conviction stemmed from respondent's failure to file personal New York State income tax returns for many years from 1996 through 2013, including 2010, as well as his substantial underpayment of taxes he paid in 2010, by relying on business deductions to which he was not entitled. He also falsely stated, in response to questions by the New York State Department of Taxation, that he filed tax returns for tax years 2005 through 2010. In connection with his plea, he agreed to pay $600,000 to the New York State Department of Taxation and Finance, and to resign from the New York State Bar.

By petition dated August 13, 2015, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), based on his conviction for tax fraud, a felony. Respondent requests that he be permitted to resign.

Section 90 (4) (a) provides for automatic disbarment of any attorney upon conviction of "any criminal offense classified as a felony under the laws of this state." Upon such conviction, the attorney ceases to be an attorney by operation of law. As a result, respondent was automatically disbarred on the date he pleaded guilty to criminal tax fraud in the third degree (*see Matter of Lifshitz*, 69 AD3d 8 [1st Dept 2009]). This Court is therefore unable to accept respondent's resignation from the bar (*see Matter of Stewart*, 42 AD3d 59 [1st Dept 2007]; *Matter of Stark*, 309 AD2d 4 [1st Dept 2003]; *Matter of Muraskin*, 302 AD2d 33 [1st Dept 2002]).

Accordingly, the Committee's petition should be granted to the extent that it seeks an order striking respondent's name

from the roll of attorneys in the State of New York, effective nunc pro tunc to June 4, 2015.

FRIEDMAN, J.P., ANDRIAS, SAXE, RICHTER and GISCHE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 4, 2015.