[38 NYS3d 186]

In the Matter of JOHN B. TODOROVICH (Admitted as JOHN BORA TODOROVICH), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 4, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Freeman, Nooter & Ginsberg* (*Louis M. Freeman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent John B. Todorovich was admitted to the practice of law in the State of New York by the Second Judicial Department on September 12, 1979, under the name John Bora Todorovich. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered September 26, 2013 (111 AD3d 71 [2013]), this Court immediately suspended respondent from the practice of law under Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), (iii) and (iv) until further order of the Court, based upon his willful failure to cooperate with the Departmental Disciplinary Committee in its investigation of allegations of professional misconduct and other uncontested evidence of professional misconduct immediately threatening the public interest, and for his willful failure or refusal to pay a judgment.

On April 4, 2016, respondent pleaded guilty in Supreme Court, New York County, to two counts of grand larceny in the second degree, in violation of Penal Law § 155.40 (1), a class C felony, in satisfaction of the indictment. Respondent admitted that from on or about April 26, 2010 he used funds without

permission or authority and thereby stole property in excess of $50,000 from the estate of a client and, from on or about August 12, 2011 to on or about July 31, 2012, he similarly stole property in excess of $50,000 from the estate of a second client. In addition, respondent agreed to plead guilty to another count of grand larceny in the second degree, to be alleged in a forthcoming superior court information.

On April 25, 2016, respondent did, in fact, plead guilty to the superior court information alleging that he received $220,000 as a down payment in a real estate transaction for the purchase of an apartment in Manhattan. After depositing the funds into his IOLA account, respondent proceeded, over the next two months, to spend the money for purposes entirely unrelated to the transaction. On May 16, 2016, respondent was sentenced to two terms of 2⅓ to 7 years, with the sentences to run concurrently.

The Committee now seeks an order under Judiciary Law § 90 (4) (a) and (b) striking respondent's name from the roll of attorneys on the ground that he has been automatically disbarred, by operation of law, upon his conviction of a felony offense, as defined by Judiciary Law § 90 (4) (e).

The Committee correctly states that respondent's conviction of a New York felony is a basis for automatic disbarment under Judiciary Law § 90 (4) (a) (see Matter of Lurie, 207 AD2d 48, 49 [1st Dept 1995]). Thus, respondent's conviction of the New York felony of grand larceny in the second degree constitutes grounds for automatic disbarment and his name should be stricken from the roll of attorneys, effective the date of his guilty plea (see Matter of Block, 105 AD3d 70 [1st Dept 2013]; Matter of Armenakis, 86 AD3d 205 [1st Dept 2011]; Matter of Szegda, 42 AD3d 193 [1st Dept 2007]).

Accordingly, the Committee's motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (a) and (b), effective nunc pro tunc to April 4, 2016.

MAZZARELLI, J.P., ANDRIAS, SWEENY, SAXE and MOSKOWITZ, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 4, 2016.