[53 NYS3d 638]

In the Matter of JEFFREY L. LESSOFF (Admitted as JEFFREY LEWIS LESSOFF), a Suspended Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 9, 2017

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,*
New York City (*Norma I. Melendez* of counsel), for petitioner.
*Jeffrey L. Lessoff,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Jeffrey L. Lessoff was admitted to the practice of law in the State of New York by the Second Judicial Department on March 28, 1984, under the name Jeffrey Lewis Lessoff. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

By order entered July 14, 2016, this Court immediately suspended respondent from the practice of law based upon his failure to cooperate with the Attorney Grievance Committee's investigation of four complaints alleging conversion and/or misappropriation of client settlement funds, commingling of client and personal funds, improper cash withdrawals from his IOLA account, and based upon uncontroverted evidence that he misappropriated client funds (142 AD3d 107 [1st Dept 2016]). In addition, this Court appointed a receiver to inventory respondent's files and to take such action as necessary to protect the interests of respondent and his clients.

On July 28, 2016, in Supreme Court, New York County, respondent pleaded guilty to grand larceny in the second degree (two counts) in violation of Penal Law § 155.40 (1), a class C felony, and grand larceny in the third degree (11 counts) in violation of Penal Law § 155.35, a class D felony, in full satisfaction of an indictment and a superior court information, based upon his admission that from in or about August 2012 through November 2015, he stole settlement funds from 13 clients totaling $743,327.04. The plea agreement respondent entered into lists the names and amounts he converted from each client.

On September 9, 2016, respondent was sentenced to an indeterminate term of 3 to 9 years in prison on the C felonies and 1 to 3 years on the D felonies, to run concurrently.

The Committee now seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred as a result of his conviction of a New York State felony (*Matter of*

*Bernstein*, 78 AD3d 94 [1st Dept 2010]; *Matter of Cherry*, 51 AD3d 119 [1st Dept 2008]).

Respondent, pro se, who is currently incarcerated, cross-moves for an order permitting him to resign from the practice of law pursuant to former Rules of the Appellate Division, First Department (22 NYCRR) § 603.11. In November 2015, in response to the Committee's request that he answer one of the complaints against him, he attempted to resign from the bar. However, due to respondent's failure to admit any wrongdoing, his resignation was rejected by the Committee. Then, in August 2016, following his guilty plea, respondent filed a motion with this Court seeking to resign. The Committee cross-moved, seeking the appointment of a receiver (which this Court had already ordered sua sponte, two days before the cross motion was filed) and argued that respondent's affidavit of resignation should be rejected because he failed to set forth the specific allegations of misappropriation as required under former section 603.11.

By order entered October 4, 2016 (2016 NY Slip Op 87410[U]), this Court, inter alia, denied respondent's motion to resign.

In support of his current motion to resign, respondent argues, inter alia, that it would be "punitive" if he was not permitted to resign, that if the Court was not inclined to grant his request then it makes section 603.11 a nullity, and that he was a good lawyer for 28 years and only in the last few years did he become addicted to Oxycotin and then heroin. On that last point, respondent states that he believes his addiction "was a suicidal attempt to end my life," that his life, health, reputation and family life have all been destroyed and he has been punished due to his addiction, and asks this Court to order him to CASAT, a drug rehab program, even though he has been clean and sober for more than one year.

The Committee opposes the cross motion noting, inter alia, that respondent renews his application to resign without asserting any newly discovered facts or law as required under CPLR 2221 (e) and that by virtue of respondent's conviction of a felony, he ceased to be an attorney at the time he entered his guilty plea on July 28, 2016 (*see Matter of Lurie*, 207 AD2d 48 [1st Dept 1995]).

The Committee correctly states that respondent's conviction of New York felonies are a basis for automatic disbarment pursuant to Judiciary Law § 90 (4). Thus, respondent's conviction

of the felonies of grand larceny in the second and third degree constitutes grounds for automatic disbarment and his name should be stricken from the rolls, effective the date of his guilty plea (*Matter of Todorovich*, 144 AD3d 1 [1st Dept 2016]; *Matter of Ioannou*, 116 AD3d 178 [1st Dept 2014]; *Matter of Lax*, 88 AD3d 342 [1st Dept 2011]; *Matter of Armenakis*, 86 AD3d 205 [1st Dept 2011]).

The cross motion to resign must also be denied as this Court has previously determined that we cannot accept such a resignation where the attorney has "automatically ceased to be an attorney upon his conviction of a felony" (*Matter of Stark*, 309 AD2d 4, 5 [1st Dept 2003]; *see Matter of Galloway*, 135 AD3d 193 [1st Dept 2015]). Moreover, respondent has failed to correct the deficiencies in his affidavit of resignation, to wit, his failure to specifically describe misconduct he committed.

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (a) and (b), effective nunc pro tunc to July 28, 2016, and respondent's cross petition denied.

Tom, J.P., Mazzarelli, Andrias, Moskowitz and Gesmer, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 28, 2016. Cross motion denied.