[64 NYS3d 217]

In the Matter of DIANA S. DOWNING, an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 2017

**APPEARANCES OF COUNSEL**

*Jorge Dopico*, *Chief Attorney, Attorney Grievance Committee*, New York City (*Kevin M. Doyle* of counsel), for petitioner.

*Diana S. Downing,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Diana S. Downing was admitted to the practice of law in the State of New York by the First Judicial Department on October 29, 1990. At all times relevant to these proceedings, the Office of Court Administration (OCA) attorney registration records has listed either a street address or a post office box address as respondent's business address, both of which are within the First Judicial Department.

On July 1, 2010, in Supreme Court, New York County, respondent was convicted, upon her plea of guilty, of grand larceny in the third degree (Penal Law § 155.35), a class D felony, welfare fraud in the third degree (Penal Law § 158.15), a class D felony, and offering a false instrument for filing in the first degree (Penal Law § 175.35 [1]), a class E felony, in full satisfaction of the charges pending against her.

According to the New York County District Attorney's office, respondent, who claimed that she managed a building in Manhattan for free rent when in fact she owned the building, as well as the adjacent building, and received rental income from both buildings, was charged with receiving $38,161.84 in public health insurance benefits between 2005 and 2008.

On August 12, 2010, respondent was sentenced to five years' probation on each count to run concurrently and a $5,000 fine, which she paid that day. At sentencing, respondent advised the court that she had already made restitution in the amount of $18,104, which included interest.

On May 3, 2011, upon respondent's application, her July 1, 2010 plea and August 12, 2010 sentence were vacated. She then reentered the same guilty pleas and was resentenced to a conditional discharge so she could spend time with her child outside the country.

Notwithstanding the requirement of self-reporting within 30 days of conviction under Judiciary Law § 90 (4) (c) , respondent never advised this Court of her conviction. Quite by happenstance, the Attorney Grievance Committee learned about the conviction in 2016.

The Committee now seeks an order, pursuant to Judiciary Law § 90 (4) (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (1), striking respondent's name from the roll of attorneys on the ground that she was automatically disbarred as of the date of her conviction of a felony (*see* Judiciary Law § 90 [4] [a]), as defined by Judiciary Law § 90 (4) (e).

Respondent was served with this motion by mailing a copy to the post office box address which she has listed with OCA, via first-class mail and certified mail return receipt requested, and by email, pursuant to our unpublished order of July 20, 2017, which granted the Committee's application to serve respondent by substituted service. Respondent has not submitted any papers.

Respondent's conviction of New York felonies is a basis for automatic disbarment pursuant to Judiciary Law § 90 (4) (a) and (b). Judiciary Law § 90 (4) (a) provides: "Any person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counselor-at-law, or to be competent to practice law as such."

Judiciary Law § 90 (4) (b) provides:

> "Whenever any attorney and counselor-at-law shall be convicted of a felony as defined in paragraph e of this subdivision, there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys."

Judiciary Law § 90 (4) (e) provides in pertinent part: "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state."

Respondent's conviction of the New York felonies of grand larceny in the third degree, welfare fraud in the third degree, and offering a false instrument for filing in the first degree, constitutes grounds for disbarment under Judiciary Law § 90 (4) (a) and (b) and her name should be stricken from the rolls (*Matter of Lessoff*, 150 AD3d 159 [1st Dept 2017]; *Matter of Ioannou*, 116 AD3d 178 [1st Dept 2014]; *Matter of Connell*, 110 AD3d 252 [1st Dept 2013]; *Matter of Armenakis*, 86 AD3d 205 [1st Dept 2011]).

Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (a) and (b) is granted, effective nunc pro tunc to July 1, 2010, and until further order of this Court.

SWEENY, J.P., MAZZARELLI, MOSKOWITZ, KAHN and GESMER, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 1, 2010.