Matter of Racer (2018 NY Slip Op 06332)





Matter of Racer


2018 NY Slip Op 06332


Decided on September 27, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman, Justice Presiding,
Dianne T. Renwick
Angela M. Mazzarelli
Richard T. Andrias
Ellen Gesmer,Justices.


M-3094

[*1]In the Matter of Samuel Racer, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Samuel Racer, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Samuel Racer, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on January 25, 1978.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, Esq., of counsel), for petitioner.
Roger Bennet Adler, Esq. for respondent.



Per Curiam.


Respondent Samuel Racer was admitted to the practice of law in the State of New York by the Second Judicial Department on January 25, 1978. Prior to his suspension, respondent maintained an office for the practice of law within the First Judicial Department.
On May 9, 2012, in Supreme Court, New York County, respondent was convicted, upon his plea of guilty, of one count of grand larceny in the third degree, a class D felony, in violation of Penal Law § 155.35. Respondent admitted that between January and February 2010 he stole property from two individuals and that the value of the property exceeded $50,000. On February 6, 2013, respondent was sentenced to 20 days of community service, five years' probation, and ordered to pay $40,425 in restitution to the beneficiary, the Lawyers' Fund for Client Protection.
The Attorney Grievance Committee (the Committee) now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Discipline Matters (22 NYCRR) § 1240.12(c)(1) on the ground that he has been automatically disbarred by virtue of his conviction of a felony as defined under Judiciary Law § 90(4)(e).
A conviction for any criminal offense classified as a felony under the laws of New York results in automatic disbarment by operation of law (Judiciary Law § 90[4][a],[e]). For purposes of disbarment, a conviction occurs at the time of the plea or verdict (Matter of Hidetoshi Cho, 77 AD3d 155 [1st Dept 2010]). Respondent's conviction of the New York felony of grand larceny in the third degree, a class D felony, constitutes grounds for automatic disbarment by operation of law (see Matter of Lessoff, 150 AD3d 159 [1st Dept 2017]; Matter of Bernstein, 78 AD3d 94 [1st Dept 2010]).
Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc, to May 9, 2012, the date of his conviction.
All Concur.
Order Filed.[September 27, 2018]
Ordered that the motion is granted to the extent of disbarring respondent and striking his name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), effective nunc pro tunc to May 9, 2012, the date of his conviction.