Matter of Zekaria (2025 NY Slip Op 04962)

Matter of Zekaria

2025 NY Slip Op 04962

Decided on September 11, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 11, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Justice Presiding

Motion No. 2025-04095|Case No. 2024-00376|

[*1]In the Matter of Daphna Zekaria a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Daphna Zekaria (OCA Atty Reg. 2835247), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Daphna Zekaria, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on July 14, 1997.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Daphna Zekaria was admitted to the practice of law in the State of New York by the Second Judicial Department on July 14, 1997. At the outset of the Attorney Grievance Committee (AGC)'s underlying investigation into the instant matter, respondent maintained a registered office for the practice of law within the First Judicial Department. Respondent later relocated to Huntington, NY, in the Second Judicial Department. On consent of the AGC for the Tenth Judicial District, the AGC for the First Judicial Department has continued to handle all matters concerning respondent (Matter of Zekaria, 230 AD3d 19 [1st Dept 2024]).
By order entered June 18, 2024, this Court, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), suspended respondent from the practice of law effective immediately and until further order of this Court. This Court's suspension of respondent was based on her noncompliance with the AGC's investigation into her conversion of client funds held in her escrow account, namely her failures to answer complaints against her, appear for an examination under oath pursuant to a subpoena, and comply with lawful demands of the courts and AGC to produce her escrow account information and bank records (id.at 23).
On May 21, 2025, respondent was convicted in the Supreme Court, Suffolk County, upon her plea of guilty, of two counts of grand larceny in the second degree, a class C felony (Penal Law § 155.40 [1]); one count of grand larceny in the third degree, a class D felony (Penal Law § 155.35 [1]); and one count of scheme to defraud in the first degree, a class E felony (Penal Law § 190.65 [1][b]). Respondent also pleaded guilty to one count of criminal contempt in the second degree, a class A misdemeanor (Penal Law § 215.50 [3]). She is scheduled to be sentenced in 2026.
Respondent's conviction stems from her representation of three individuals. Respondent, a partner at a law firm, was hired to represent a woman during her divorce and the sale of her marital home. Respondent was expected to hold roughly $150,000, the proceeds of the sale of her client's home, in her escrow account. However, instead of dispersing the funds when her client's divorce was finalized, respondent improperly used the funds for personal and/or business purposes. In a separate matter, respondent was hired by a lottery winner to hold a portion of his funds in escrow and invest an additional portion on his behalf, but instead, respondent made large transfers of the funds to other individuals. Respondent was also retained by an elderly woman to help her contest eviction proceedings, for which respondent received $17,500 but performed no legal work on the woman's behalf. Instead, respondent improperly used the funds for personal and/or business purposes.
The AGC now moves for an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12 (c)(1), on the ground that she was convicted of a felony as defined by Judiciary Law § 90(4)(e) and has therefore been automatically disbarred (see Matter of Solny, 213 AD3d 24 [1st Dept 2023]; Matter of Scharf, 193 AD3d 118 [1st Dept 2021]; Matter of Carlebach, 163 AD3d 192 [1st Dept 2018]). The AGC further asserts that its motion is timely even though respondent has yet to be sentenced because she was automatically disbarred at the time of her guilty plea (see Matter of Birnbaum, 206 AD3d 122, 123 [1st Dept 2022]; Matter of Ravelo, 163 AD3d 98 [1st Dept 2018]). Respondent consented to service of the instant motion by first-class mail on July 24, 2025 but has not submitted a response.
Pursuant to Judiciary Law § 90(4), respondent was automatically disbarred when she entered a guilty plea to the felonies of grand larceny in the second degree, grand larceny in the third degree, and scheme to defraud in the first degree. Further, although respondent has yet to be sentenced, the instant motion is nevertheless timely, as respondent was disbarred by operation of law when she pleaded guilty (see Matter of Del Valle, 227 AD3d 22, 24 [1st Dept 2024]; Matter of Migdol, 209 AD3d 99, 101 [1st Dept 2022]; Matter of Bernstein, 78 AD3d 94, 96 [1st Dept. 2010]) ["[f]or the purposes of automatic disbarment, conviction occurs at the time of plea or verdict"]).
Accordingly, the AGC's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), effective nunc pro tunc to May 21, 2025 (date of conviction), and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), is granted, and respondent, Daphna Zekaria, is disbarred and her name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to May 21, 2025, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Daphna Zekaria, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Daphna Zekaria, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Daphna Zekaria, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: September 11, 2025